U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 09 2009

ROBERT H. SHEMWELL, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 07-30039 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DYRON K. SAMPSON | MAG. JUDGE KAREN L. HAYES |

# MEMORANDUM ORDER

On December 16, 2008, Defendant Dyron K. Sampson ("Sampson") filed a letter motion with the Clerk of Court requesting that he have the time he spent in federal custody between December 2007 and April 2008 credited to the sentence he is currently serving in the Bureau of Prisons ("BOP").

The Court agrees with Sampson that it appears he should receive credit on his federal sentence for the time period in question. *See* 18 U.S.C. § 3585(b)(2) (A defendant is credited for "any time he has spent in official detention prior to the date the sentence commences . . . (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence."); 18 U.S.C. § 3585(b) 18 U.S.C. § 3568 ("The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which the sentence is imposed.").

However, the Court has no authority to grant Sampson the relief he requests. Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a

defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must, first, exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, Sampson has made no showing that he has exhausted his remedies through the BOP, and he is currently incarcerated in Yazoo City, Mississippi, which is not located in the Western District of Louisiana. Accordingly,

IT IS ORDERED that Sampson's letter motion for credit on his federal sentence [Doc. No. 34], which this Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2241, is DENIED and DISMISSED WITHOUT PREJUDICE to his right to re-file in the proper court after he has exhausted his administrative remedies.

MONROE, LOUISIANA, this 9th day of January, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE